UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| L.L. Bean, Inc.,<br><br>    Plaintiff/Defendant-in-counterclaim<br><br>    v.<br><br>Bank of America Corporation and FIA Card Services, N.A.,<br><br>    Defendants/Plaintiffs-in-counterclaim | CIVIL ACTION<br>NO. 08-177-PH |
| FIA Card Services, N.A.,<br><br>    Plaintiff-in-counterclaim<br><br>    v.<br><br>L.L. Bean, Inc.,<br><br>    Defendant-in-counterclaim | |

**L.L. BEAN INC.'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL RESPONSES TO
<u>DEFENDANT'S INTERROGATORIES AND DOCUMENT REQUESTS</u>**

Plaintiff L.L. Bean, Inc. ("Bean") files this response in opposition to the Defendants' Motion to Compel Answers to Interrogatories and Document Requests. The Defendants' motion should be denied because L.L. Bean has fully responded to the Defendants' discovery requests. The Defendants' incorporated request for an award of fees under Fed. R. Civ. P. 37(a)(5) should be denied because the circumstances do not justify such an award, for two reasons: (1) while the Defendants complain that Bean's responses were late – after Bean requested and was granted an extension by Defendants' counsel – by a matter of weeks, the Defendants have failed for more

than *six months*, and after repeated follow-up request, to provide Bean documents they first agreed to produce more than a year ago, requiring that Bean file its now pending motion to compel; and (2) the Defendants were also weeks late in serving responses to Bean's most recent set of discovery requests, served on the Defendants on August 28, 2009. For these reasons, the Defendants' motion should be denied in its entirety.

**Background**

On August 28, 2009, Bean served upon the Defendants' its second set of document requests and third set of interrogatories. See Exhibit 1. A few days later (perhaps in response to Bean's discovery requests), on September 1, 2009, the Defendants served on Bean's counsel their second set of interrogatories and document requests.[1] Several days later, the Defendants' counsel contacted Bean's counsel and requested an extension of time to serve responses to Bean's requests. Bean's counsel assented, in the process asking the Defendants' counsel how much additional time the Defendants would require. The Defendants' counsel explained that the necessary time could not yet be determined, and Bean's counsel agreed to allow an open-ended extension at that time. Over the next few weeks, counsel engaged in additional conferences between counsel regarding discovery, in the course of which Bean's counsel in turn requested an extension of time, indicating that the necessary time was likewise uncertain, and the Defendants' counsel agreed to the extension.

---

[1] At the time they were served, the Defendants' discovery requests were arguably untimely, because they were not due to be completed within the then-applicable discovery deadline of September 30, 2009. Bean, however, chose not to dispute the requests on that basis, and in fact never refused to respond to the requests. Indeed, after granting in good faith the Defendants' counsel an open-ended extension of time to respond to Bean's requests, Bean's counsel requested, and received, a similar open-ended extension of time to serve the responses. Bean has now fully responded to the requests.

Neither party served timely responses. The Defendants' responses were originally due (absent the extension) not later than September 30, 2009 (thirty days, plus three mailing days, after service). Bean's responses were originally due (absent the extension) four days later, or October 4, 2009. On October 28, four weeks after the original deadline, the Defendants served their responses to Bean's interrogatories. See Exhibit 2. On November 9, more than five weeks and five days after the original deadline, the Defendants served their responses to Bean's documents requests. See Exhibit 3. On November 13, the Defendants filed the instant motion. On November 20, six weeks and five days after the original deadline, Bean served its complete responses to the Defendants' interrogatories, as well as documents which were responsive to the various categories set forth in Defendants requests.[2] Two weeks later, on December 4, Bean served its formal document responses, noting that the documents requested had previously been produced.

Meanwhile, Bean was confronting a far longer delay on the part of the Defendants' in providing agreed discovery. As noted in Bean's motion to compel, filed before the Defendants filed their motion on November 13, the Defendants had failed since May 2009, and despite repeated requests from Bean's counsel, to provide documents they had first agreed to produce in October 2008 in response to Bean's first request for the production of documents. The failure to produce such agreed information finally required that Bean move to compel.

---

[2] It is worth noting that the Defendants' second set of document requests sought only information they already had. Two general categories of documents were requested: (1) copies of documents and information given to Bean by FIA during the term of their relationship, and thus already in FIA's possession; and (2) more information about documents Bean had already produced. Bean, however, has not refused to respond on this basis.

**Discussion**

**I.      The Defendants' Motion to Compel Should Be Denied Because Bean Has Fully Responded To Both the Interrogatories and Document Requests.**

The Defendants' seek an order directing Bean to serve responses to the Defendants' discovery. Contrary to the Defendants' contention, Bean never refused to respond to either the Defendants' interrogatories or their document requests. Bean served responses to the Defendants' interrogatories on November 20, 2009, and delivered responsive documents (by hand and by overnight mail) to Defendants counsel the same day, within approximately the same time frame in which the Defendants served their over-due document responses on Bean (approximately six weeks). Bean served its formal document responses on December 4, 2009. The Defendants motion should therefore be denied as moot.

Furthermore, although Bean outlined certain objections to the Defendants' discovery, where appropriate, it fully responded to the requests. Bean's interrogatory responses directly addressed each of the Defendants areas of inquiry. Likewise, Bean has not refused to produce any documents – and, indeed, believes that it has already produced documents containing all responsive information (both through its direct productions and through the parties agreed customer list exchange through a third-party vendor, as well as through countless communications between counsel) – except that Bean objects that it cannot feasibly reproduce (nor should it be required to) its entire, massive customer database. Bean's interrogatories make clear that information from the customer database has been provided though various other documents and the mutual customer list exchange. Given its full production of more than 820,000 pages of documents, Bean should be compelled to do no more, and the Defendants' motion should be denied.

## II.     The Defendants' Request For An Award Of Fees In The Circumstances Is Unjustified And Should Be Denied.

The Defendants also seek an award of fees and costs under Rule 37(a)(5).  Under the Rule, however, the court is directed not to authorize such payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Rule 37(a)(5); *Saadi v. Maroun*, 2009 WL 3428130, at *2 (N.D. Ohio Oct. 20, 2009).  The circumstances of this case make an award of fees entirely unwarranted under both the second and third factors.  First, Bean's counsel sought an extension which, in effect, paralleled the extension Bean's counsel had already granted the Defendants.  Second, and consistent with these mutual extension, Bean served interrogatory responses and documents in the same time frame in which the Defendants served their document responses.   Third, and perhaps most significantly, the Defendants' request for fees should be viewed in context with Bean's pending motion to compel.  After failing to provide discovery they had agreed, repeatedly, to provide (and despite multiple reminders from Bean's counsel, which went ignored), the Defendants' intransigence finally necessitate that Bean file a motion to compel on November 13.  Bean certainly incurred greater fees and costs in pursuing such repeated reminders, and in preparing and filing its motion to compel, than the Defendants' incurred in serving a motion only four days after they produced a set of outstanding discovery requests.  In these circumstances, Bean respectfully submits that an award of fees would be unjust.[3]  The Defendants' request for costs and fees under Rule 37(a)(5) should be denied.

---

[3] Bean believes that the Court would be justified, on its own motion, in requiring the payment of fees and costs by the Defendants in connection with Bean's motion.  Bean, however, makes no such request, but submits that the fees the Court might award further justify offsetting, and denying, an award of fees to the Defendants.

As grounds for this motion, Bean states as follows:

1.  The parties have agreed to mediate their dispute.  In connection with the mediation, Bean has agreed to provide the Defendants additional information regarding certain subjects, including specifically Bean's alleged damages, which the Defendants argue Bean is obligated to provide in response to the Defendants interrogatories.  Although Bean does not agree that it's interrogatory responses were in any manner deficient, the additional information Bean intends to provide in connection with the mediation may address some or all of the Defendants concerns, and either narrow the issues in dispute between the parties, or obviate need for action by the Court.

2.  Bean and the Defendants are completing a joint process involving the exchange of detailed program performance data for the parties' respective new programs that will allow Bean to more accurately calculate its alleged damages.  That process is ongoing, and Bean requires additional time for its experts to analyze the data resulting from that joint process and perform the necessary calculations that will allow Bean to provide further information to the Defendants.  Extending the date for Bean's opposition to the motion to compel will allow Bean and its experts to perform the necessary work.

3.  The parties are each in the process of finalizing their discovery efforts.  Further discovery may also have the effect of narrowing the areas of dispute with regard to the Defendants motion to compel.

- 7 -

4.   Counsel for the Defendants assents to Bean's motion to enlarge the deadline to respond to the motion to compel.

**WHEREFORE**, Plaintiff respectfully asks this Court to extend to October 9, 2009, the date for Plaintiff to file its Opposition.

Respectfully submitted,

Dated:  December 4, 2009    /s/ Matthew P. Schaefer

George S. Isaacson
David W. Bertoni
Matthew P. Schaefer
BRANN & ISAACSON
184 Main Street, P. O. Box 3070
Lewiston, ME 04243−3070
Tel. (207) 786−3566
gisaacson@brannlaw.com
dbertoni@brannlaw.com
mschaefer@brannlaw.com

*Attorneys for L.L. Bean, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 4, 2009, I electronically filed the foregoing Opposition using the CM/ECF system, which will send notification of such filing to counsel of record:

S. Elaine McChesney, Esq.
Allyson E. Kurker, Esq.
Bingham McCutchen LLP
One Federal Street
Boston, MA  02110-1726
elaine.mcchesney@bingham.com
allyson.kurker@bingham.com


Corin R. Swift, Esq.
Bingham McCutchen LLP
85 Exchange Street, Suite 300
Portland, ME  04101-5045
corin.swift@bingham.com


Bradley R. Kutrow, Esq.
Grant D. Goldenberg, Esq.
Angela Z. Zimmern, Esq.
McGuireWoods
201 North Tryon Street, Suite 2900
Charlotte, NC  28202-4011
bkutrow@mcguirewoods.com
ggoldenberg@mcguirewoods.com
azimmern@mcguirewoods.com


      /s/ Matthew P. Schaefer