UNITED STATES DISTRICT COURT
DISTRICT OF MAINE (PORTLAND)

| | |
|---|---|
| L.L. Bean, Inc.,<br>      Plaintiff/Defendant-in-counterclaim<br><br>v.<br><br>Bank of America Corporation and FIA Card Services, N.A.,<br>      Defendants/Plaintiffs-in-counterclaim | CIVIL ACTION<br>NO. 08-177-PH |
| FIA Card Services, N.A.,<br>      Plaintiff-in-counterclaim<br><br>v.<br><br>L.L. Bean, Inc.,<br>      Defendant-in-counterclaim | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL PLAINTIFF L.L. BEAN, INC.
<u>TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS</u>**

Defendants FIA Card Services, N.A. ("FIA") and Bank of America Corporation ("BAC") submit this Reply Memorandum in further support of their Motion to Compel plaintiff L.L. Bean, Inc. ("Bean") to respond to Defendants' Second Set of Interrogatories and Second Request for Production of Documents (collectively, the "Discovery Requests").

Bean's opposition ("Opp.") to the Motion to Compel does nothing to refute the undisputed fact that Bean's responses to the Discovery Requests were untimely. Unable to articulate any justification for failing to respond to the Discovery Requests before the Motion to Compel was filed, Bean argues that because Defendants were allegedly more than four weeks late in responding to Bean's discovery requests, Bean was therefore justified in being over six weeks late in responding to Defendants' Discovery Requests. Opp. at 3, 5. Bean further argues that it has fully responded to the Discovery Requests, and therefore that the Motion to Compel should be denied as moot. Opp. at 1. Bean's arguments fail for several reasons:

- First, Bean misstates several facts pertinent to the Court's analysis. Defendants correct those factual misstatements below.

- Second, contrary to Bean's assertions, Bean did not "fully respond" to the Discovery Requests. Opp. at 1. As detailed below, Bean has failed to produce several categories of responsive information.

- Third, in an attempt to avoid having to pay Defendants' attorneys' fees, Bean argues that it was "justified" in serving its discovery responses late. Opp. at 5. Bean's argument, however, falls flat. Notably, Bean does not dispute that it did not respond to the Discovery Requests until *after* Defendants filed the Motion to Compel. Bean also does not dispute that it did not respond to Defendants' numerous repeated demands for the discovery responses. The rules of discovery were not designed to allow a party to sit silent, force an opposing party to approach the court for relief, and then serve responses while the motion is pending and expect the motion to become moot and attorneys' fees not be awarded. Because Defendants were forced to file the Motion to Compel to get any response to the Discovery Requests at all, Defendants should be awarded their reasonable attorneys' fees and costs incurred in making this motion.

For the reasons stated herein, the Court should grant Defendants' Motion, order Bean to fully respond to the Discovery Requests, and award Defendants their reasonable attorneys' fees and costs incurred in making this motion.

I.  **Bean Misstates Several Facts Pertinent To The Court's Analysis.**

As with its own motion to compel, Bean misstates several facts and omits others in an attempt to paint Defendants in a negative light, hoping to justify its utter failure to respond to the Discovery Requests until after Defendants filed the Motion to Compel. These factual misstatements must be corrected before the Court decides the Motion.

First, Defendants never agreed to an "open-ended" extension of time to respond to the Discovery Requests. Opp. at 2. Bean fails to submit any emails or letters reflecting such an agreement. While Defendants acknowledge that they agreed to a brief extension of time in view of the scheduled mediation, Defendants by no means consented to an "open ended" extension allowing Bean to respond to the discovery weeks after the mediation proved unsuccessful. Indicative of the lack of any agreement, Defendants demanded Bean's responses on multiple occasions before moving to compel, including most recently on November 9, 2009. Defendants clearly would not make such demands if they had agreed to an "open ended" extension of time, and Bean most certainly would have responded to the demands reminding Defendants of any such agreement.

Second, Bean glosses over the fact that its discovery responses were not served until *after* Defendants filed the Motion to Compel. Specifically, Bean claims that it served its responses to the Interrogatories on November 20, 2009, produced documents on November 20, and responded to the Document Requests on December 4. These events followed the filing of Defendants' Motion to Compel on November 13. Bean fails to mention that Defendants November 9 letter requesting the responses specifically informed Bean that Defendants would move to compel if Bean did not respond by November 10. After giving Bean a few extra days to respond, and having failed to receive any response at all, Defendants filed the Motion to Compel on November 13.

Third, Bean misleadingly claims that its written responses to the Document Requests (served on December 4, 2009) simply stated that all requested documents had already been produced. Opp. at 3. What Bean fails to mention is that the documents referred to in Bean's December 4 written responses were produced after business hours on Friday, November 20, 2009,

delivered to Bingham McCutchen's Portland, Maine offices and delivered by mail that Saturday to Defendants' counsel in Massachusetts and North Carolina. Bean further fails to mention that those documents were served *the Friday before the 30(b)(6) deposition of Bean scheduled for Monday, November 23*. In its Friday night production, Bean produced CDs containing over *40,000 pages* of FIA information that Bean had in its possession. The November 20 production occurred a full week *after* Defendants filed the Motion to Compel.

Fourth, Bean misleadingly claims that it served its responses to the Discovery Requests (i.e., Bean's interrogatory responses and production of more than 40,000 pages of documents) "in the same time frame in which the Defendants served their *document responses*." Opp. at 5. Defendants served their written responses to the document requests on November 9, 2009. While those responses were six weeks past their initial due date, it is undisputed that Bean assented to an extension of time for the responses. Unlike Defendants' responses to interrogatories,[1] Defendants spent additional time with the document responses to confirm whether additional responsive documents existed. After conducting additional searches for such documents, Defendants' written responses indicated that *all* responsive documents had already been produced. Bean, in turn, tried to take a similar approach with its responses to Defendants' Document Requests by serving 40,000 pages of documents on November 20, 2009 allegedly in response to Defendants *first* set of document requests (served over a year ago), and *then* serving its written responses on December 4, 2009, at that time claiming that all responsive documents had been produced. This argument holds no water because both the document production and written responses were served *after* Defendants filed their Motion to Compel. There is a fundamental difference between (i) the Defendants taking extra time to confirm that all documents had already been produced and subsequently serving written responses confirming as much and (ii) Bean taking extra time to serve documents that it withheld from production and producing those documents (40,000 pages worth) the Friday night before a Monday morning 30(b)(6) deposition of Bean.

---

[1] Defendants served their responses to Bean's interrogatories on October 28, 2009 (i.e., before the scheduled mediation on November 3, 2009). While those responses were four weeks past their initial due date, it is undisputed that Bean assented to an extension of time for those responses.

II.   **Bean Has Not Fully Responded To The Discovery Requests.**

Contrary to Bean's assertions, Bean has not "fully responded" to Defendants' Discovery Requests. Opp. at 1. There are at least three categories of information responsive to the Discovery Requests and highly relevant to Defendants' Counterclaim that remain outstanding.

**First**, Bean has failed to produce an electronic version of the customer data given to Acxiom. While counsel for Bean has suggested that Bean only gave Acxiom its customer retail list (i.e., the names of ▬▬ Bean's retail customers) and that therefore Bean would not provide that information, documents produced by Bean and Barclays, however, show that Bean provided Acxiom a much smaller OAP-specific list of customers.[2] Defendants are not interested the list of the ▬▬ retail customer names, but Defendants are entitled to the OAP-specific customer list given to Acxiom and Barclays. The data fields that Bean has produced are not enough. Defendants are entitled to the actual data contained in those files for the smaller OAP-specific list. The smaller OAP-specific list is crucial to Defendants' claims because it shows that Bean shared FIA's information with Acxiom and ultimately Barclays in violation of the Agreement. Accordingly, to the extent Bean shared an electronic list of OAP customers with Acxiom, Bean should be compelled to produce an electronic version of that OAP file. *See, e.g.*, Document Request Nos. 1-5, 8.

**Second**, although Bean has produced certain of FIA's original documents back to FIA,[3] Bean has not produced the content of the "OAP Access database." The OAP Access database will reflect the importation of FIA's data into Bean's database.[4] Indeed, documents produced by Bean

---

[2] *See, e.g.*, Ex. 1 (▬▬), Ex. 2 (▬▬).

[3] Bean's footnote stating its objection on the grounds that the information FIA seeks is already in FIA's possession is baseless. Opp. at 3, n. 2. The point of the Discovery Requests was to discover what FIA information Bean still has in its possession. By definition FIA also has possession of that information, but FIA's possession of its own data is meaningless when FIA is pursuing misappropriation of confidential information claims and therefore must learn what FIA information Bean has in Bean's possession.

[4] *See* Ex. 3 (▬▬), Ex. 4 (

show that Bean ▮▮▮ that it had received from FIA at any one time. *See* Ex. 5 (▮▮▮). Bean, however, has not produced any ▮▮▮ Bean should not be heard to complain that it is too burdensome to produce the OAP Access database. Unlike Bean's Data Warehouse (EWD), which is a ▮▮▮, the OAP Access database can be stored on an external hard drive and produced to Defendants in that format. Defendants are entitled to discover all FIA information that Bean has kept. The OAP Access database reflects such information, and therefore Bean should be compelled to produce it. *See, e.g.*, Document Request Nos. 1-5, 7-8.

**Third**, Bean has failed to produce all documents incorporating or embedding FIA data into Bean's own documents. The Discovery Requests were not limited simply to the return of any FIA data given to Bean, but the Requests also seek documents where Bean embedded or incorporated FIA's data into its own documents. *See, e.g.*, Document Request Nos. 3-4. Bean has produced several documents reflecting that Bean labeled FIA information as its own or embedded FIA information into Bean's own documents.[5] Nonetheless, Bean has failed to confirm that it has produced all such responsive documents. Defendants are plainly entitled to such responsive documents, and Bean should be compelled to produce them.

---



▮▮▮).

[5] *Compare, e.g.*, Ex. 6 (▮▮▮) with Ex. 7 (▮▮▮). *See also* Ex. 8 (▮▮▮), Ex. 9 (▮▮▮).

### III.  The Court Should Award The Defendants Their Costs And Fees Incurred In Making This Motion.

Regardless of whether Bean has fully responded to the Discovery Requests -- which it has not -- it is undisputed that Bean failed to respond to the Discovery Requests before Defendants moved to compel. It is further undisputed that Bean gave no indication as to when Defendants could expect responses to the Discovery Requests, despite repeated demands to Bean for such responses. In short, Bean's silence in responding to the Discovery Requests compelled Defendants to approach the Court for relief, and Bean only responded to the Discovery Requests after Defendants so moved. Bean's failure to respond to the Discovery Requests in a timely fashion was not justified. Accordingly, an award of attorneys' fees is appropriate.

Bean's reliance on *Saadi v. Maroun*, 2009 WL 3428130 (N.D. Ohio Oct. 20, 2009), is misplaced. In *Saadi*, the plaintiff moved for attorneys' fees incurred in a discovery dispute with a non-party witness who failed to respond to the discovery. The court granted plaintiff's motion to compel, and plaintiff then moved for an order to show cause why the witness should not be held in contempt for its failure to produce documents. Before that hearing was held, the witness executed an affidavit affirming that all relevant documents had been produced. After additional searches of the witness's emails, which did not turn up any responsive documents, the plaintiff sought its attorneys' fees. The court denied the plaintiff's motion, reasoning that the plaintiff could have contacted the court and canceled the hearing, thus saving the majority of expenses in retaining counsel for that hearing (the motion to compel pleadings were prepared *pro se*). *Id.* at *2.

Here, the analysis in *Saadi* does nothing to save Bean from sanctions. Bean does not dispute that the Discovery Requests seek relevant information, and Bean fails to give any good faith basis for failing to respond in a timely fashion.

Moreover, Bean's request to offset the attorneys' fees incurred by Defendants against those incurred by Bean in connection with its own motion to compel should be rejected. Bean did not request attorneys fees in its motion -- not surprising, as it had no basis to do so. As set forth in Defendants' opposition brief (Docket No. 186), Defendants satisfied their discovery obligations, and therefore, even if Bean had requested attorneys' fees, the request must be denied.

Finally, to the extent that Bean claims that the request for attorneys' fees is moot on the basis that Bean has now responded to the Discovery Requests, Bean is mistaken. Defendants were forced to file the Motion to Compel to get Bean to respond, and the fact that Bean produced responsive information while the Motion was pending does not preclude the Court from awarding Defendants their attorneys' fees. To the contrary, the Rules specifically instruct the Court to award attorneys' fees in such a situation. *See* Fed. R. Civ. P. 37(a)(5)(A) ("[I]f the disclosure or requested discovery is provided *after the motion [to compel] was filed* — the court must ... require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.") (emphasis added).[6]

Here, Bean was not justified in failing to respond to the Discovery Requests before Defendants filed the Motion to Compel. Accordingly, Defendants should be awarded their reasonable attorneys' fees and costs incurred in making this motion.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' Motion to Compel, Defendants respectfully request that the Court order Bean to produce the outstanding information responsive to the Discovery Requests and award Defendants' their reasonable attorneys' fees and costs incurred in making this motion.

---

[6] *See also Antonis v. Electronics for Imaging, Inc.*, 2008 WL 169955 (D.N.H. Jan. 16, 2008) ("Defendant's motion to compel is moot with regard to the merits, the material having been provided, but it is not moot with regard to sanctions since the material was provided, in substantial part, after the motion was filed."); *U.S. Aprons, Inc. v. R-Five, Inc.*, 2009 WL 103593 (D. Neb. Jan. 14, 2009) (where defendants responded to discovery while motion to compel was pending, court denied motion as moot to the extent it sought to compel responses but granted motion as to attorneys' fees because "defendant's failure to respond to plaintiff's discovery requests before the filing of motion to compel was not substantially justified.").

Respectfully submitted,

**FIA Card Services, N.A. and Bank of America Corporation,**

By its attorneys,

/s/ S. Elaine McChesney
S. Elaine McChesney
Lawrence T. Stanley
Sara Cable
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA 02110
617.951.8000
*elaine.mcchesney@bingham.com*

Corin R. Swift, BBO #009850
**BINGHAM MCCUTCHEN LLP**
85 Exchange Street, Suite 300
Portland, ME 04101-5045
207.780.8276
*corin.swift@bingham.com*

Dated: December 11, 2009

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 11, 2009.

/s/ S. Elaine McChesney